# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAMON NEAL DUNBAR, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CIV-20-0595-F |
| RAY HAMMANS et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff Damon Dunbar, a pre-trial detainee who appears *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging various violations.

Before the court is the Report and Recommendation of Magistrate Judge Shon T. Erwin.  Doc. no. 17 (the Report).  On initial screening, the Report recommends the court:  (1) dismiss any federal claim against the Clinton Police Department, with prejudice; (2) dismiss any federal claim against defendants Kelso-Thompson, Ramos, Trogdon, Porcher, Flores, Flores, Reeves, Lana, Marsee, Hunter, Roscom, and Lewis, without prejudice; (3) dismiss any federal claim against defendants Jones and McPhearson, without prejudice; (4) conclude that plaintiff's fourth amendment claim against defendant Hammans is barred by <u>Heck v. Humphrey</u>;[1] (5) refuse to exercise supplemental jurisdiction over any state-law claim against any defendant; (6) dismiss the official-capacity claim against defendant Cedillo for excessive force; and (7) conclude that plaintiff has stated an individual capacity fourth amendment excessive force claim against defendant Cedillo.

---

[1] 512 U.S. 477 (1994).

The Report advises plaintiff of his right to object to the Report and states that any objection is due by February 11, 2021. The Report also advises that failure to make timely objection waives the right to appellate review of both factual and legal questions contained in the Report. On February 23, 2021, plaintiff's deadline for objecting to the Report was extended to March 29, 2021. Doc. no. 19. On March 18, 2021, the court received a "to whom it may concern" letter from plaintiff which included the statement: "This is notice of right to object." Doc. no. 20, p. 1. The letter is construed as an objection to the Report.[2] All objected to matters have been reviewed *de novo*.

After consideration of the record, the Report, and plaintiff's objection to the Report, the court agrees with the recommended disposition of plaintiff's claims. However, two matters related to the recommended dismissal of plaintiff's state-law claims should be clarified.

First, the Report appears to recommend dismissal of all state-law claims on the ground that the court should decline supplemental jurisdiction over such claims when the federal claims are dismissed before trial, leaving only issues of state law.[3] Title 28 U.S.C. §1367(c)(3) provides that the court may decline supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." That condition is not satisfied because the individual capacity claim alleged against defendant Cedillo under the Fourth Amendment will not be dismissed. It makes no difference that all claims alleged against a particular

---

[2] The court notes a reference in the letter to leave to amend. The letter is not a proper motion. Moreover, it describes the proposed amended claims in terms which are merely conclusory.

[3] *See*, *e.g.*, doc. no. 17, p. 6 (recommending the court decline supplemental jurisdiction over state-law claims alleged against Clinton Police Department once "the federal-law claims have dropped out of the lawsuit…and only state-law claims remain," quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988)).

defendant may have been dismissed; § 1367(c)(3) requires dismissal of all claims over which the court has original jurisdiction.

That said, when a federal claim remains, as it does here, the federal court has the discretion to decline supplemental jurisdiction over state-law claims if the state-law claims "substantially predominate[] over the claim…over which the court has original jurisdiction." 28 U.S.C. § 1367(c)(2).  *See*, James v. Sun Glass Hut of California, Inc., 799 F.Supp. 1083, 1085 (D. Colo. 1992) (where state-law claims clearly predominated over the lone federal claim, court declined supplemental jurisdiction over the state-law claims); Bhatt v. Hoffman, 2020 WL 5593761 at *8 (D. N. J. September 17, 2020) ("With nearly all of Plaintiff's federal claims dismissed, her state-law claims 'substantially predominate[]' over the action"; "Because the Court lacks original jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1332(a)[4] and otherwise declines to exercise supplemental jurisdiction over them under 28 U.S.C. § 1367, the Court dismisses Plaintiff's state-law claims").

A variety of state-law claims remain in this action, pertaining, for example, to perjury, slander and defamation.  Plaintiff's state-law claims substantially predominate over the sole remaining federal claim, which is an individual capacity federal claim related to Cedillo's alleged use of excessive force at the time of plaintiff's arrest.  Accordingly, the court will adopt the Report's recommendation that it decline supplemental jurisdiction over all state-law claims but with the clarification that it does so because the state-law claims substantially predominate over the sole remaining federal claim.

Second, the Report's list of recommended rulings (1) through (7) indicates the court should "refuse to exercise supplemental jurisdiction over any state law claim

---

[4] Similarly, nothing in the record of this case suggests the court would have original jurisdiction over plaintiff's state-law claims under 28 U.S.C. § 1332(a), the diversity of citizenship statute.

against any Defendant." Doc. no. 17 at pp. 1, 15. As stated above, the court agrees with the recommendation as clarified in this order. The concern is that elsewhere in the Report, the Report indicates certain state-law claims should be dismissed not because the court should decline supplemental jurisdiction but because they fail to state a claim.[5]

In short, the court adopts the Report with two clarifications: all state-law claims are dismissed because the court declines to exercise supplemental jurisdiction over them under 28 U.S.C. § 1367(c)(2) (state-law claims substantially predominate), and no state-law claims are dismissed for failure to state a claim.

## Conclusion

Following *de novo* review, plaintiff's objections to the Report are **DENIED**. Doc. no. 20.

The Report and Recommendation of the magistrate judge is **ACCEPTED**, **ADOPTED** and **AFFIRMED** as clarified in this order. Doc. no. 17.

For the reasons recommended in the Report, the court hereby:

(1) dismisses any federal claim against the Clinton Police Department, with prejudice; (2) dismisses any federal claim against defendants Kelso-Thompson, Ramos, Trogdon, Porcher, Flores, Flores, Reeves, Lana, Marsee, Hunter, Roscom, and Lewis, without prejudice; (3) dismisses any federal claim against defendants Jones and McPhearson, without prejudice; (4) concludes that plaintiff's fourth amendment claim against defendant Hammans is barred by Heck v. Humphrey; (5)

---

[5] For example, part V of the Report notes that both federal and state-law claims are alleged against defendants Kelso-Thompson, Ramos, Trogdon, Porcher, Flores, Flores, Reeves, Lana, Marsee, Hunter, Roscom and Lewis. Doc. no. 17, p. 6. Part V then recommends that the court dismiss "any and all claims" against these defendants "for failure to state a claim upon which relief may be granted." *Id*. p. 8. Part VI. A. of the Report notes that both federal and state-law claims are alleged against defendants Jones and McPhearson. *Id*. at p. 8. The Report then explains that the "allegations are insufficient to state a plausible claim for relief," and that "Accordingly, the court should dismiss the claims against these Defendants." *Id*. at p. 9 (emphasis added).

refuses to exercise supplemental jurisdiction over any state-law claim against any defendant; (6) dismisses the official-capacity claim against defendant Cedillo for excessive force; and (7) concludes that plaintiff has stated an individual capacity fourth amendment excessive force claim against defendant Cedillo.

This order does not conclude this action, which is re-referred to the magistrate judge for further proceedings consistent with the original referral.

IT IS SO ORDERED this 25th day of March, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0595p005.docx